# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

William R. Franklin,
    Plaintiff

vs                                        Case No. 1:08-cv-466-HJW-TSH
                                             (Weber, Sr. J.; Hogan, M. J.)

United States Postal Service, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on the motion to dismiss filed by defendant Group Health Associates (GHA), pro se plaintiff Franklin's memorandum in opposition, and defendant GHA's reply. (Docs. 5, 6, 7). Also before the Court is defendant GHA's motion to dismiss the amended complaint. (Doc. 14).

Pro se plaintiff Franklin filed this action on July 9, 2008, alleging claims against his former employer, the United States Postal Service, two postal unions, his former health care provider, and his former attorney. (Doc. 1). On November 5, 2008, he filed an amended complaint which totals approximately fifty type-written pages. (Doc 14). Defendant GHA moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all claims against it set forth in both the original complaint and the amended complaint. For the reasons set forth more fully below, the Court recommends that

GHA's motions to dismiss be granted.

Plaintiff's amended complaint comprises approximately fifty type-written pages setting forth rambling allegations against defendants which appear to stem from his former employment and eventual termination from the Postal Service. With respect to his claims against GHA, plaintiff's pleadings assert that he was denied appointments with his regular treating doctor, that the treating mental health providers failed to accurately document his allegations against the post office related during therapy sessions, that he was improperly diagnosed with personality disorder, alcohol abuse and obsessive compulsive disorder by the mental health treating physicians, and the treating doctors at GHA would not conclusively diagnose his physical ailments as resulting directly from his years as a letter carrier. Plaintiff also alleges that GHA failed to assist him with resolution of grievances he had as a postal employee, and that they did not assist him in efforts to regain employment after he was terminated. It appears that plaintiff further alleges that GHA was involved in some kind of conspiracy with the Postal Service, the Unions, and his former attorney such that he was "defrauded of his legal claim" against the Postal Service.

With respect to plaintiff's claims against GHA in particular, the amended complaint states in part:

> So it is a charge and a claim that Group Health Associates did all that is stated that they did in the postal story from the (sic) "The Breakdown" to "The Revolt of Cincinnati Counseling Service, Inc.", inclusive . . . . Group Health Associate's (sic) insistence that the Plaintiff write out a report for the time of the Plaintiff's breakdown during the summer of 1998. . . is not only a ploy to keep from setting matters straight in house

with Postal Management and their Unions, but also serves as an excuse for Group Health Associates abandonment during the Plaintiff's breakdowns. . . . Group Health Associate's (sic) unwillingness to assist the Plaintiff in setting matters in house with Postal Management and the Unions becomes ll the more traumatic for the Plaintiff because the FMLA papers provided by the Union that were filled out by Group Health Associates to allow leave from work during his breakdowns were without pay. Had paperwork been filled out by Group Health Associates based upon the violence upon Plaintiff being dictated to Group Health Associates ant not their diagnosis of depression, alcohol abuse, paranoia, OCD and personality disorder and such, then the Plaintiff's leave could have been with pay and the Plaintiff's oppressors would have been obligated to settle matters back in 1997 during the Plaintiff's first major breakdown. As it turns out, the violence described to these doctors has been wiped away from their session notes and replaced with a case for alcoholism against he Plaintiff. . . .

The amended complaint further states:

And you Group Health Associate; (sic) no sooner than we met, you went out and took counsel against me in order to divide spoil with the self exalted ones and you became men who are supressing (sic) the truth in an unrighteous was. With your mouth you speak peace, but within yourselves you set your ambush. There would be no cure for the Plaintiff's breakdown, for no one was pleading his cause and because of the schemes with which you have acted violently against him.

Defendant GHA argues that dismissal is appropriate because plaintiff has failed to state a claim for relief with respect to GHA in either the original complaint or the amended complaint. The Court agrees.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain

3

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[1] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the

---

[1]The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

4

speculative level[.]" *Twombly,* 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974.

A complaint may also be dismissed where the Court determines the claims are frivolous. A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. As noted above, a complaint fails to state a claim for relief when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

Construing the complaint and amended complaint liberally, the Court can decipher no cognizable claims set forth by plaintiff's allegations against GHA.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant GHA's motions to dismiss (Docs. 5, 14) be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

William R. Franklin,
    Plaintiff

vs                                   Case No. 1:08-cv-466-HJW-TSH
                                        (Weber, Sr. J.; Hogan, M. J.)

United States Postal Service, et. al.,
    Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 3/16/09. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by ( *Printed Name* ) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>William R. Franklin<br>2606 Montana Avenue<br>Apt. 6<br>Cinti, OH 45211 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? *(Extra Fee)* | ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0000 8388 4827 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:08cv466   Doc. 39