# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

William R. Franklin,
    Plaintiff

vs
                               Case No. 1:08cv-466-HJW-TSH
                               (Weber, Sr. J.; Hogan, M. J.)

United States Postal Service, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

Pro se plaintiff Franklin filed this action on July 9, 2008, alleging claims against his former employer, the United States Postal Service, two postal unions, his former health care provider, and the law firm of Tobias, Kraus & Torchia (TKT). (Doc. 1). On November 5, 2008, he filed an amended complaint which totals approximately fifty type-written pages. (Doc 12). Before the Court are defendant TKT's motion to dismiss (Doc. 21), plaintiff's memorandum in opposition (Doc. 25), and defendant TKT's reply. (Doc. 35). For the reasons set forth more fully below, the Court recommends that TKT's motions to dismiss be granted.

Plaintiff's amended complaint comprises approximately fifty type-written pages setting forth rambling allegations against defendants which appear to stem from his former employment and eventual termination from the Postal Service. Plaintiff alleges that he was "defrauded" out of legal claims by his former attorney, Lee Hornberger, and that defendant TKT is responsible for his former counsel's fraudulent conduct. These allegations relate to a "last chance agreement" he signed with the USPS when he retired and the legal representation he received from Attorney Hornberger in 2000-2001. Plaintiff also alleges that TKT became part of a wholesale conspiracy to preclude him from pursuing his legal rights when the firm declined to

represent him in April 2006.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[1] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974.

---

[1] The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

Assuming that Attorney Hornberger engaged in conduct for which defendant TKT could be liable, plaintiff's claims are barred by the applicable statute of limitations. Whether the claim is construed as a fraud claim, or a legal malpractice claim, the statute of limitation has long since run. Under Ohio law, fraud claims are subject to a four year statute of limitations, while legal malpractice claims are subject to a one year statute of limitations. See Ohio Rev. Code §§ 2305.09 & 2305.11. *Britt v. Gwynn*, 902 F.2d 32 (6th Cir. 1990)(citing with approval *Hibbert v. Cincinnati*, 4 Ohio App.3d 128 (1982)).

To the extent that plaintiff seeks to hold TKT liable for declining to represent him, the Court finds no legal basis for such a claim.

## IT IS THEREFORE RECOMMENDED THAT:

The motion to dismiss by defendant TKT (Doc. 21) be GRANTED.

_____
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

William R. Franklin,
    Plaintiff

vs

Case No. 1:08-cv-466-HJW-TSH
(Weber, Sr. J.; Hogan, M. J.)

United States Postal Service, et. al.,
    Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on ⁴/ι /oᴄ̣ . Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

4

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☑ Agent
                            ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

1. Article Addressed to:

William R. Franklin
2606 Montana Avenue
Apt. 6
Cinti, OH 45211

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
  ☑ Certified Mail    ☐ Express Mail
  ☐ Registered    ☐ Return Receipt for Merchandise
  ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
*(Transfer from service label)*

7002 3150 0000 8388 4865

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1:08cv466 Docs. 4&42