# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

William R. Franklin,
    Plaintiff

vs
                            Case No.  1:08-cv-466-HJW-TSH
                            (Weber, Sr. J.; Hogan, M. J.)

United States Postal Service, et. al.,
    Defendants

---

## REPORT AND RECOMMENDATION

---

Pro se plaintiff Franklin filed this action on July 9, 2008, alleging claims against his former employer, the United States Postal Service, two postal unions, his former health care provider, and his former attorney. (Doc. 1). On November 5, 2008, he filed an amended complaint which totals approximately fifty type-written pages. (Doc 12). Defendant the United States Postal Service (USPS) moves to dismiss all claims against it set forth in both the original complaint and the amended complaint. (Docs. 28, 38). Plaintiff has filed a memorandum in opposition to defendant USPS's motion to dismiss. (Doc. 33). For the reasons set forth more fully below, the Court recommends that USPS's motions to dismiss be granted.

Plaintiff's amended complaint comprises approximately fifty type-written pages setting forth rambling allegations against defendants which appear to stem from his former employment and eventual termination from the Postal Service. The complaint does not set forth the legal basis for his claims, though based on his allegations of disparate treatment and wrongful employment action, the Court presumes that he is seeking relief under Title VII.

Plaintiff worked for the USPS from 1987 to 1999. He claims that he filed

various grievances with the postal worker's unions in the Fall of 1989. However, he concedes that he never filed an EEO complaint or sought to pursue administrative remedies for the alleged wrongful employment conduct by USPS. Plaintiff alleges that the unions, his health care providers, and his legal counsel conspired to prevent him from learning about his legal rights and responsibilities in filing a claim with the EEOC for the alleged wrongful conduct.

Plaintiff's memorandum in opposition to defendant USPS's motion to dismiss states in part:

> THE POSTAL SERVICE IS CORRECT THAT (THE P) (SIC) DID NOT COMPLY WITH THE EXHAUSTIVE REQUIREMENTS AD STATED IN (3A) AND (3B) BECAUSE THESE REQUIREMENTS WERE KEPT FROM (THE P) BY THE VERY MEN (THE DEFENDANTS) IN COVENANT WITH HIM. SO IF IT IS TRUE THAT (THE P) NEEDED TO EXHAUST THESE REMEDIES IN ORDER TO FILE A SUIT AGAINST THE USPS THEN (THE P) RELATES THAT THE VERY MEN IN COVENANT WITH (THE P) HELD BACK THESE REMEDIES SO THAT HE WOULD BE BARRED FROM FILEING (SIC) A LAWSUIT AGAINST THE USPS. IN FACT THE DEFENDANTS (SIC) WHOLE OPERATION OF ERROR HAS BEEN ROOTED IN KEEPING (THE P'S) LEGAL CLAIM FROM GAINING ENTRANCE TO ANYONE SITTING ON THE JUDGEMENT SEAT, AND SO DECEPTION WAS IN THE HEART OF THESE TREACHEROUS DEALERS AND THEIR MISCHIEF CAME TO A COMPLETION WITH A PITCHING OF THE LIPS.

(Doc. 33, pp. 2-3).

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The purpose of the motion is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.). Although pro se complaints are held to less stringent standards

as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

In order for the Court to have jurisdiction over plaintiff's Title VII claims, plaintiff must first pursue administrative relief. *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992); *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991); *Sain v. American Red Cross*, 233 F. Supp.2d 923, 927 (S.D. Ohio 2002)(Rice, J.) *Cameron v. Bd. of Educ. of the Hillsboro, Ohio, City School Dist.*, 795 F. Supp. 228, 234 (S.D. Ohio 1991)(Spiegel. J.). While the timely filing of a charge with the EEOC, or an equivalent state agency, is not itself jurisdictional, this administrative filing requirement is a necessary prerequisite to filing a discrimination suit in federal court. *Ang*, 932 F.2d at 545; *Sain*, 233 F. Supp.2d at 927. The purpose behind this rule is to trigger the investigatory and conciliatory procedures and enable the Commission to attempt to obtain voluntary compliance with the law. *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998); *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). As the Court stated in *Schaffrath v. Akron/Summit/Medina Private Industrial Council*, 674 F. Supp. 1308, 1312 (N.D. Ohio 1987):

> If a plaintiff were permitted to bypass the conciliation procedures of [Title VII], by filing a civil action based upon allegations unrelated to the EEOC charge, it would frustrate the goals of [Title VII], which . . .

contemplates informal voluntary resolution of the issues, with formal litigation remaining a last resort. Accordingly, courts have held that a judicial complaint cannot be predicated on entirely new unlawful practices which were not presented to or considered by the Commission.

Thus, before plaintiff may bring a judicial action under Title VII, he must first satisfy Title VII's statutory pre-requisites and pursue administrative relief. *Cameron v. Bd. of Educ. of the Hillsboro, Ohio, City School Dist.*, 795 F. Supp. 228, 234 (S.D. Ohio 1991)(Spiegel. J.)(citing *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991)); *Brown v. Packaging Corporation of America, Inc.*, 846 F. Supp. 592, 595 (M.D. Tenn. 1993)(citing 42 U.S.C. § 2000e-5(f)). The pre-requisites include the timely filing of an EEOC charge, the receipt of a Right to Sue letter from the EEOC, and the timely filing of the judicial complaint. *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836 (6ᵗʰ Cir. 1994); *Bevins v. Dollar General Corp.*, 952 F. Supp. 504 (E.D. Ky. 1997); *Biggs v. North Central United Telephone Co.*, 1997 WL 829173 (S.D. Ohio Oct. 15, 1997)(Smith, J.). In this case, it is undisputed that plaintiff did not pursue any administrative remedies. Consequently, plaintiff is barred from bringing this action.

Moreover, assuming that plaintiff had pursued EEOC relief at the time he filed his grievances in 1989, under Title VII, an employment discrimination suit must be filed within ninety days of the plaintiff's receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Failure to bring suit within the proscribed ninety day period is grounds for dismissal, absent a showing that the late filing is subject to waiver, estoppel, or equitable tolling. *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Federal courts have strictly enforced Title VII's ninety day statutory limit. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6ᵗʰ Cir. 2000); *Williams v. Sears, Roebuck & Co.*, 143 F. Supp.2d 941, 944 (W.D. Tenn. 2001). The Supreme Court has made clear that Title VII's procedural requirements, including the ninety day limitations period, "are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)(*per curiam*). Rigid enforcement of the limitations period is favored by the courts because, "experience teaches that strict adherence to the procedural requirements is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

4

In this case, plaintiff has failed to set forth any basis for the application of waiver, estoppel, or equitable tolling. Plaintiff's generalized and rambling allegations of a wholesale conspiracy to deprive him of knowledge about these requirements are insufficient to support application of waiver, estoppel, or equitable tolling.

For all these reasons, the Court finds that defendant USPS's motion to dismiss is well-taken and should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

The motion to dismiss by defendant USPS be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

William R. Franklin,
    Plaintiff

vs

United States Postal Service, et. al.,
    Defendants

Case No. 1:08-cv-466-HJW-TSH
(Weber, Sr. J.; Hogan, M. J.)

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 4/1/09 . Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ✓ ☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

William R. Franklin
2606 Montana Avenue
Apt. 6
Cinti, OH 45211

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*   7002 3150 0000 8388 4865

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

1:08cv466  Docs. 4442