# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

William R. Franklin,
Plaintiff

vs

Case No. 1:08cv-466-HJW-TSH
(Weber, Sr. J.; Hogan, M. J.)

United States Postal Service, et. al.,
Defendants

## REPORT AND RECOMMENDATION

Pro se plaintiff Franklin filed this action on July 9, 2008, alleging claims against his former employer, the United States Postal Service, two postal unions, his former health care provider, and the law firm of Tobias, Kraus & Torchia (TKT). (Doc. 1). On November 5, 2008, he filed an amended complaint. (Doc. 12). Before the Court are defendant the National Association of Letter Carriers (NALC), Branch 43's motion to dismiss (Doc. 24), plaintiff's memorandum in opposition (Doc. 28), and defendant TKT's reply. (Doc. 34). For the reasons set forth more fully below, the Court recommends that TKT's motions to dismiss be granted.

Plaintiff's amended complaint comprises approximately fifty type-written pages setting forth rambling allegations against defendants which appear to stem from his former employment and eventual termination from the Postal Service. Plaintiff was employed by USPS from 1987 to 1999. He worked as a Letter Carrier from 1987 to 1989, and was thus represented by NALC Branch 43 during that time frame. With respect to the NALC, plaintiff's claims relate to the Union's alleged failure to protect him from mistreatment by the Postal Service. Plaintiff claims that the Union was responsible for his demotion and transfer to a janitorial position in 1989 and subsequently participated in the "defamation, discrimination, humiliation and

alienation" allegedly perpetrated by USPS during his tenure. Defendant NALC, Branch 43 moves the Court to dismiss plaintiff's Complaint and Amended Complaint for failure to state a claim, arguing that plaintiff's claims are barred by the applicable statute of limitations. In the alternative, the Union argues that plaintiff failed to properly serve it with a summons and copy of the complaint, and therefore the action should be dismissed pursuant to Fed. R. Civ. P. 4.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[1] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the

---

[1] The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

2

speculative level[.]" *Twombly,* 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974.

Plaintiff's claims against the Union are barred by the applicable statute of limitations. While the rambling and incoherent Amended Complaint is difficult to decipher, it appears that plaintiff has attempted to raise claims for breach of the duty of fair representation against NALC, Branch 43. Such claims are subject to a six month statute of limitations period, which begins to run from the time when plaintiff knew or should have know that his rights to fair representation had been breached. *Ryan v. General Motors Corp.,* 929 F.2d 1105, 1111 (6th Cir. 1989). Franklin filed a grievance regarding his employment with USPS in 1989. In 2000-2001, plaintiff sought the assistance of legal counsel. Plaintiff did not file this lawsuit until 2008. Clearly plaintiff's Complaint is outside the limitations period. To the extent that plaintiff argues his claims arise under state, any state law claims he may have regarding the Union's representation of him are preempted by federal law. *In re Glass Moulders, Pottery, Plastics & Allied Workers Int'l Union Local 173,* 983 F.2d 725, 729 (6th Cir. 1993). For these reasons, plaintiff's claims against NALC, Branch 43 should be dismissed.

In the alternative, plaintiff has failed to demonstrate that he perfected service of process on defendant NALC. Consequently, dismissal is appropriate pursuant to Fed. R. Civ. P. 4(m).

**IT IS THEREFORE RECOMMENDED THAT:**

The motion to dismiss by defendant NALC (Doc. 24) be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

William R. Franklin,
    Plaintiff

vs

Case No. 1:08-cv-466-HJW-TSH
(Weber, Sr. J.; Hogan, M. J.)

United States Postal Service, et. al.,
    Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 4/2/09. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>William R. Franklin<br>2606 Montana Avenue<br>Apartment 6<br>Cinti, OH 45211 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4889 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1:08cv466 Doc. 44